**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 11-4692**

———

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY ANTONIO BURLEIGH,

        Defendant - Appellant.

———

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:11-cr-00049-HEH-2)

———

Submitted:  February 13, 2012    Decided:  February 23, 2012

———

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

———

Dismissed by unpublished per curiam opinion.

———

Mark H. Bodner, Fairfax, Virginia, for Appellant.  Jamie L. Mickelson, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Antonio Burleigh appeals from his convictions and 545-month sentence entered pursuant to his guilty plea to carjacking, in violation of 18 U.S.C. § 2119 (2006) (Count Three); possession of a firearm in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c) (2006) (Count Four); and possession of a firearm in furtherance of a crime of violence (robbery), in violation of 18 U.S.C. § 924(c) (2006) (Count Six).

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether the district court erred in accepting Burleigh's guilty plea as to Count Six because the court had dismissed the count against Burleigh for the predicate robbery. The Government filed a motion to dismiss the appeal on the basis of the appellate waiver contained in Burleigh's plea agreement; Burleigh's counsel opposed the motion as premature. Although Burleigh was informed of his right to file a pro se supplemental brief, he did not do so.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Our independent review of the record leads us to conclude that Burleigh knowingly and

2

intelligently waived his right to appeal. Because we conclude that the waiver is valid and enforceable as to Burleigh's argument on appeal, we grant the Government's motion to dismiss.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>